OPINION
Appellant, Catrina Finks, appeals from her conviction and sentence entered on a negotiated guilty plea in the Portage County Court of Common Pleas. For the following reasons, we affirm the judgment of the trial court.
On June 18, 1998, appellant was indicted by the Portage County Grand Jury on the following charges: four counts of forgery in violation of R.C. 2913.31(A)(3); one count of attempted forgery in violation of R.C. 2923.02 and R.C. 2913.31(A)(3); four counts of receiving stolen property in violation of R.C. 2913.51(A); and one count of robbery in violation of R.C. 2911.02(A)(2).
Pursuant to a negotiated plea agreement with the state, appellant entered a plea of guilty to all of the charges except robbery, which was dismissed. The trial court then proceeded to personally question appellant about the entering of her pleas, in full compliance with Crim.R. 11. Based on this colloquy, the trial court determined that the pleas were made voluntarily and with full assistance of counsel. After accepting appellant's pleas, the trial court then referred the matter to the Adult Probation Department ("APD") for a pre-sentence investigation and report.
On October 29, 1998, appellant was sentenced to a definite term of incarceration of eight months for each of the four counts of receiving stolen property, with the sentences to run consecutively. In addition, the trial court sentenced appellant to a definite term of incarceration of eight months for each of the four counts of forgery to run concurrent with each other and with the prison terms for the receiving stolen property charges. As for the attempted forgery charge, appellant received a ninety-day sentence and was credited with time served.
On December 1, 1998, appellant filed a notice of appeal with this court. However, the notice of appeal was one day late. As a result, appellant, through counsel, filed a motion for delayed appeal, which this court granted on February 24, 1999. On April 30, 1999, appellant's appeal was dismissed sua sponte for failure to prosecute. Appellant's appeal was reinstated on September 17, 1999 and the case proceeded according to rule. Appellant now raises the following two assignments of error for our review:
 "[1.] The trial court abused its discretion by accepting a negotiated plea agreement that included a joint sentencing recommendation which (1) failed to consider the seriousness and recidivism factors of 2929.12 and (2) improperly limited the exercise of judicial discretion in the sentencing of the defendant.
 "[2.] The Appellate Court must reverse and remand for further hearing based on the deficient representation of the Appellant before the trial court. Appellant did not knowingly, voluntarily, and intelligently enter into the plea agreement in that she was denied effective assistance of counsel under the Sixth Amendment."
Under her first assignment of error, appellant argues that the trial court failed to properly consider the seriousness and recidivism factors found in R.C. 2929.12(B), (C), (D), (E), and that the trial court's finding that community control sanctions would be inappropriate, and, thus, incarceration was necessary, contradicted the findings of the APD. Appellant also argues that the trial court failed to state on the record its reasoning as to why appellant was not entitled to the shortest prison term. We disagree.
First, appellant acknowledges that the trial court stated on the record, and in its judgment entry, that:
 "The Court has considered the record, oral statements, any victim impact statement and presentence [sic] report prepared, as well as the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and has balanced the seriousness and recidivism factors under Ohio Revised Code Section 2929.12."
Nevertheless, appellant maintains that the trial court abused its discretion in imposing a prison sentence because such a decision contradicts the APD's findings contained in the pre-sentence investigation report ("PSI"). Our reading of the PSI, however, shows that the APD determined that in the past, appellant had not responded favorably to previously imposed sanctions and that a prison term would be consistent with the purposes of R.C. 2929.11.
In addition, the record before us supports the trial court's decision to impose a prison term as opposed to community control sanctions. Appellant has an extensive adult and juvenile criminal record. In this particular case, appellant was charged with ten separate offenses involving four victims. While appellant acknowledges that she had a serious drug problem which she claims led her to commit the various offenses, the APD found that she lacked remorse for the current charges. As a result, we conclude that that trial court did not abuse its discretion in imposing a prison term rather than community control sanctions.
Appellant next argues that the trial court failed to support on the record its decision to impose more than the minimum sentence. R.C. 2929.14(B) requires a sentencing court to impose the minimum sentence for first-time imprisonment unless it specifies on the record that the shortest prison term would demean the seriousness of the conduct or would not adequately protect the public from future crime by the offender. However,
 "R.C. 2929.14(B) does not require that the trial court give its reasons for its findings that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence." State v. Edmonson (1999), 86 Ohio St.3d 324, syllabus. (Emphasis in the original.) See, also, State v. Rone (Dec. 4, 1998), Ashtabula App. No. 98-A-0001, unreported, at 2, 1998 WL 964297.
In accordance with Edmonson, we hold that R.C. 2929.14(B) does not require that the trial court give its underlying reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence. All that is required is that the trial court place the appropriate finding somewhere on the record.
Here, the record shows that prior to imposing sentence, the trial court stated:
 "The Court further finds due to the number of crimes committed by the Defendant it would demean the seriousness of those offenses and would not adequately protect the public to impose the shortest prison term."[1]
As can clearly be seen, the trial court not only found one of the sanctioned reasons for deviating from the minimum sentence, it found both. As a result, we conclude that the record made the required findings to deviate from the minimum sentence, and that it subsequently put those findings on the record. Appellant's first assignment of error lacks merit.
In her final assignment of error, appellant argues that the trial court improperly accepted her guilty plea because it was not made knowingly, intelligently, and voluntarily due to her attorney's ineffective assistance. In particular, appellant alleges that her attorney exerted undue influence over her both financially and through a course of conduct designed to coerce a guilty plea. Appellant also maintains that, while her attorney provided her with accurate information regarding sentencing, he failed to inform her of the additional considerations found in R.C. 2929.12. Finally, appellant submits that her attorney failed to inform her about the charges or the evidence, that he failed to interview many witnesses, that he failed to properly assess the merits of the case, including potentially exculpatory evidence, and that he ignored her claims of innocence and lack of understanding.
Generally, a properly licensed attorney is presumed to have rendered effective assistance in representing a defendant in a criminal action. State v. Young (Oct. 22, 1999), Trumbull App. No. 98-T-0128, unreported, at 5-6, 1999 Ohio App. LEXIS 4978;State v. Martin (Dec. 6, 1996), Lake App. No. 95-L-139, unreported, 1996 Ohio App. LEXIS 5509. As a result, the burden of proving ineffective assistance of counsel falls upon the defendant. State v. Osborne (Dec. 31, 1997), Ashtabula App. No. 97-A-0002, unreported, at 13, 1997 Ohio App. LEXIS 6041.
In order to demonstrate ineffective assistance of counsel in the context of a guilty plea conviction, the defendant must demonstrate that the trial counsel's performance was deficient and that the defendant was prejudiced by the deficient performance in that there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial. State v. Desellems (Feb. 12, 1999), Lake App. No. 98-L-053, unreported, at 8-9, 1999 Ohio App. LEXIS 458, citing Hill v. Lockhart (1985), 474 U.S. 52.
The evidence in the record before this court completely refutes appellant's assertions. For example, the transcript of the plea hearing indicates that the trial court meticulously complied with the dictates of Crim.R. 11 when accepting appellant's guilty pleas. The trial court asked appellant if she had a full understanding of the charges against her and of the consequences of her guilty plea, to which she responded yes. Appellant also acknowledged before the court that she was satisfied with her attorney's representation. Accordingly, this raises a presumption that appellant's guilty pleas were valid.Desellems at 10, citing State v. Perry (May 2, 1997), Trumbull App. No. 95-T-5315, unreported, at 8-9, 1997 Ohio App. LEXI 1793.
Also included in the record is a written plea agreement signed by appellant, which states in pertinent part:
 "Now comes the Defendant herein, who states the following:
 "1. That I have been informed by my Attorney and the Judge, and I understand the nature of the charge(s) to which I am pleading guilty * * *:
"* * *
 "3. That I have been informed by my Attorney and by the Judge of the effect of my guilty plea and its consequences, and I understand them: * * *
 "4. That I have been informed by my Attorney and by the Judge that by pleading guilty I waive the following Constitutional Rights, and I understand these rights and it is my intention to waive them: * * *
 "5. That I have been informed that by pleading guilty I waive my right to appeal any issue that might have been raised had I gone to trial and been convicted, and I understand that right of appeal and it is my intention to waive it.
 "6. That I have been fully advised by my Attorney of the Criminal Rule 11(F) plea negotiations which have also been stated in open Court and I accept those negotiations as my own.
 "7. That no promises or threats have been made to me by anyone to secure my guilty plea in this case, nor have I been coerced in any way by any person to plead guilty.
 "8. That I have either read this Written Plea of Guilty or it has been read to me and I understand it, and that I wish to waive all of the rights set forth herein and voluntarily plead GUILTY to the charge(s) set forth above."
As we noted earlier, appellant had an obligation to point to instances in the record to support her claims of ineffective assistance of counsel. However, the record before this court does not contain any evidence to support such a claim. In fact, to the extent that there is evidence, it shows that appellant's attorney explained everything to appellant and, more importantly, that she was satisfied with his representation.
The record does not show whether or not appellant has filed a motion to withdraw her guilty plea, or if she has filed a petition for post conviction relief. This is important because "[w]here allegations of ineffective assistance of counsel require for their determination consideration of facts not appearing in the record, the appropriate remedy is through a petition for post-conviction relief, pursuant to R.C. 2953.21, and not through direct appeal."State v. Booker (1989), 63 Ohio App.3d 459, 466. Appellant's second assignment of error is without merit.
Based on the foregoing reasons, appellant's two assignments of error lack merit. Accordingly, the judgment of the trial court is affirmed.
 ______________________________________________________ JUDGE JOSEPH DONOFRIO,
Ret., Seventh Appellate District, sitting by assignment.
FORD, P.J., NADER, J., concur.
[1] The trial court included similar language in its sentencing entry.